1

2

3

4

5

6

7                    UNITED STATES DISTRICT COURT

8                    EASTERN DISTRICT OF WASHINGTON

9   PETER ERIKSEN, a single man,    )
                                     )      NO.   CV-03-0126-LRS
10                     Plaintiff,    )
         -vs-                        )      ORDER DENYING PLAINTIFF'S
11                                   )      MOTION FOR RELIEF FROM
    CHELAN COUNTY, a municipal       )      JUDGMENT
12  corporation; GRANT COUNTY, a     )
    municipal corporation; HANSEN    )
13  LAW FIRM; HANSEN AND MIDDLETON   )
    PLLC; TOM MIDDLETON; AGENTS 1-   )
14  12,                             )
                                     )
15                     Defendants.   )
                                     )
16  ─────────────────────────────────

17      Pending before the court is Plaintiff's Motion For Order to Vacate

18  Dismissal (Ct. Rec. 72), filed August 8, 2005.  Plaintiff, additionally

19  demands oral argument on October 20, 2005 at 2:30 p.m.  Plaintiff asks

20  the court for an order vacating the order[1] and Judgment entered on August

21  6, 2004.

22                              **DISCUSSION**

23  ─────────────────────

24      [1]The  order  granted  Grant  County's  motion  for  partial  summary

25  judgment,  granted  Hansen  Law  Firm,  Hansen  and  Middleton  PLLC,  and  Tom

26  Middleton's motion for summary judgment, and denied plaintiff's motion

27  to continue, and plaintiff's motion to exclude evidence (Ct. Rec. 57,

28  filed August 6, 2004).

ORDER - 1

The court construes plaintiff's motion as a motion for relief of judgment or order pursuant to Federal Rules of Civil Procedure Rule 60(b). Rule 60 (b) reads, in pertinent part:

> Rule 60. Relief From Judgment or Order
> (b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, Etc. On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken. A motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation. This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order, or proceeding, or to grant relief to a defendant not actually personally notified as provided in Title 28, U.S.C., § 1655, or to set aside a judgment for fraud upon the court. Writs of coram nobis, coram vobis, audita querela, and bills of review and bills in the nature of a bill of review, are abolished, and the procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules or by an independent action.

Plaintiff argues that there are genuine issues of material facts which were erroneously decided on summary judgment without a jury. Ct. Rec. 73.

The court issued an Order Denying Plaintiff's Motion for Reconsideration on October 5, 2004 (Ct. Rec. 71). Pursuant to the

ORDER - 2

Federal Rules of Civil Procedure, Rule 60(b), plaintiff was required to file this motion by August 6, 2005, to be considered timely.

As a threshold condition to any relief under the Rule, Plaintiff must assume the burden of showing a meritorious defense or claim. *Compton v. Alton Steamship Co.*, 608 F.2d 96, 102 (4th Cir.1979) (citations omitted). Here, the Court entered judgment against Plaintiff because he failed to prove that any official policy or custom was the source of the alleged constitutional violation.  Further, pursuant to 28 U.S.C. §1367(c)(3), the court declined to exercise supplemental jurisdiction over Plaintiff's state law claims.  As such, Plaintiff's state law claims were dismissed without prejudice in Ct. Rec. 57.

The court on October 5, 2004, denied Plaintiff's motion for reconsideration in Ct. Rec. 71, based on Plaintiff's failure to successfully argue that there had been a change of controlling law, or that new evidence was available.

In the current motion under Rule 60(b), Plaintiff has not demonstrated any errors in the previous ruling(s) nor has he raised any other reason justifying relief from the operation of the judgment.  Plaintiff states that the court decided many genuine issues of material facts, which facts were allegedly not true, and should have been presented to a jury in violation of Plaintiff's due process rights. Ct. Rec. 73, at 1.

Rule 60(b) provides for extraordinary relief and is only to be invoked upon a showing of exceptional circumstances. *Ackermann v. United States,* 340 U.S. 193, 199-201, 71 S.Ct. 209, 212-13, 95 L.Ed. 207 (1950); *Boyd v. Bulala*, 905 F.2d 764, 769 (4th Cir.1990).  Plaintiff's arguments do not rise to a showing of "exceptional circumstances" and appear to be arguments that could have been raised earlier.

ORDER - 3

1    Regarding Plaintiff's demand for oral argument on this motion, the
2 court may in its discretion under Local Rule 7.1(h)(3), determine that
3 oral argument is not warranted and proceed to determine any motion
4 brought under this rule without oral presentation.  The court is not
5 persuaded that oral presentation is necessary for the motion before it.
6    The Court has reviewed the file, pending Motion, and briefing thereon,
7 and is fully informed.
8 Accordingly,
9    **IT IS ORDERED** that Plaintiff's Motion For Order to Vacate Dismissal,
10 Ct. Rec. 72, filed August 8, 2005 and demand for oral argument is **DENIED**
11 and the file shall remain **CLOSED**.  The oral argument set for October 20,
12 2005 at 2:30 p.m. is **STRICKEN**.
13    The District Court Executive is directed to file this Order and
14 provide copies to counsel of record and Plaintiff.
15    **DATED** this 5th day of October, 2005.

16
17                                        *s/Lonny R. Suko*
                                    _____
18                                        LONNY R. SUKO
                                    UNITED STATES DISTRICT JUDGE
19
20
21
22
23
24
25
26
27
28

ORDER - 4